**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**HENRY ANTHONY
WASHINGTON BROWN,**

    **Plaintiff,**

**vs.**                                    **Case No. 4:21-CV-00204-AW-MAF**

**LEON COUNTY
DETENTION CENTER,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon *sua sponte* review. Plaintiff, a non-prisoner proceeding *pro se* and *in forma pauperis*, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1, 4. The Court reviewed the complaint, found it legally insufficient, and entered an order directing Plaintiff to file an amended complaint by June 24, 2021. Id. To date, Plaintiff has failed to do so. For the reasons stated below, Plaintiff's complaint should be dismissed.

**I.**    **Plaintiff's Complaint, ECF No. 1.**

In general, Plaintiff's complaint is legally insufficient. ECF No. 1. Plaintiff sues the Leon County Detention Center (LCDC) in its official capacity only. Id. Ultimately, Plaintiff contends that LCDC did not release him from

custody in a timely manner. On the evening of May 11, 2021, Plaintiff was arrested for driving without a license and booked into LCDC. Id., p. 4. The next morning, on May 12, Plaintiff presented for his first appearance before a judge who set his bond. Id., p. 5. Plaintiff claims he posted bond at approximately 11:00 a.m.; and the jail released him approximately 14 ½ hours later. Id. Plaintiff claims this length of time was excessive. Id., p. 6. Plaintiff seeks only money damages in the form of lost wages (because he lost two days of work) and punitive damages in the amount of $100,000. Id.

## II. Shotgun Pleadings are Not Permissible.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

Here, the Complaint is largely a rambling narrative; there are no numbered paragraphs as directed by Rule 10(b). "A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff provides vague facts alleging his detention was excessive; but without more, the complaint is largely a shotgun pleading. Plaintiffs are ordinarily permitted an opportunity to amend a complaint prior to dismissal; but Plaintiff failed to comply with the Court's order. Still, an amendment would be futile under a theory of respondeat superior and claims are barred by Eleventh Amendment immunity.

## III. Respondeat Superior

Because Plaintiff raises claims against the LCDC in its official capacity, it can be assumed Plaintiff is attempting to sue under a theory of vicarious liability. However, "liability under § 1983 may not be based on the doctrine of *respondeat superior*." Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003); see Denno v. Sch. Bd. of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir.

2000), cert. den'd, 531 U.S. 958 (2000). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." <u>Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla</u>., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Plaintiff must establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. <u>See</u> <u>Monell v. Dep't of Soc. Servs</u>., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." <u>Craig</u>, 643 F.3d at 1310 (citation omitted).

Plaintiff describes this one occasion and names no one but LCDC. Because Plaintiff provides no facts to allege there is a policy or custom at LCDC that led to a constitutional violation, the claims should be DISMISSED.

### IV. Plaintiff's Claims are Barred by the Eleventh Amendment.

The Eleventh Amendment serves as a jurisdictional bar to a suit against a state in federal court unless: (1) the state has explicitly consented to suit, thus waiving its sovereign immunity; or (2) Congress has specifically abrogated a state's Eleventh Amendment immunity. <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, (1996). Florida's sovereign immunity extends to its agencies, subdivisions, or officers. <u>See</u> <u>Alabama v. Pugh</u>, 438 U.S.

781, 782 (1978); Fitzgerald v. McDaniel, 833 F.2d 1516 (11th Cir. 1987). That "bar exists whether the relief sought is legal or equitable." Papasan v. Allain, 478 U.S. 265, 276 (1986). Naming a government official in his official capacity is the equivalent of naming the governmental entity itself. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). A state official, however, may be sued in his official capacity when the suit alleges a constitutional violation by the official, acting in his official capacity and seeks only prospective injunctive relief. See Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011). The Eleventh Amendment, however, does not bar suits for equitable relief against state officials in their official capacities, Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984), nor for damages against state officials in their individual capacities. Hafer v. Melo, 502 U.S. 21, 25-27 (1991).

Additionally, "qualified immunity shields government officials from liability for civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right." Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11th Cir. 2008) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The court considers: "whether the facts alleged show the officer's conduct violated a constitutional right," and (2) "whether the right was clearly established" at the

time of the alleged transgression. Pearson v. Callahan, 555 U.S. 223, 232 (2009); Keith v. Dekalb Cty., 749 F.3d 1034 (11th Cir. 2014). Because Plaintiff sues LCDC in its official capacity and seeks only money damages, his claims should be DISMISSED.

## V. Failure to Comply with Court Orders under Fed. R. Civ. P. 41(b)

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court cannot proceed when Plaintiff has failed to comply with Court's order directing him to amend. Moreover, the Court warned that dismissal would be recommended.

## VI. Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's complaint, ECF No. 1, be DISMISSED because it is an impermissible shotgun pleading or otherwise fails to properly state a claim and for failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida on June 25, 2021.

                               s/ Martin A. Fitzpatrick
                               MARTIN A. FITZPATRICK
                               UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).